Counsel for Appellant, you may proceed. Good morning, Your Honors. My name is Bess Brewer, and I'm here on behalf of Jacqueline Boggs, the appellant in the case. I'd like to take my time to address the errors made by the administrative law judge at Step 5 of the sequential evaluation. The Commissioner argues that these errors were harmless, but clearly they were not. First, the first error that the ALJ, I'm going to base, I'm only going to, I'm going to limit my discussion to the actual errors made by the ALJ that were based on the evidence that the ALJ accepted as credible. So this is the most conservative reading of the errors made at Step 5. This is really the only live issue in the case, is it not, because others have been waived in effect? Well, no, Your Honor, as I briefed initially, as I briefed, even though the general rule in this circuit is that arguments not raised below are waived on appeal, can't be raised on appeal. Mrs. Boggs, her attorneys did in fact raise all the issues that are being, that are here before the court below. Her attorney at the administrative level raised every issue that has been briefed here. He raised them at every level of the administrative process at the district court. Her attorney, who was a different attorney from the one at the administrative level, thoroughly summarized the evidence that underlies all the issues that are presented here today. So you're focusing on Step 5 in any event, which is certainly a. It's certainly before the court, but I, but I, but I don't concede that, that the issues were, were waived. Understood. Okay, Your Honor. At Step 5 of the sequential evaluation, the ALJ's first error, based on the evidence that he found credible, was that he failed to include the limitation to occasional bending. The Commissioner argues that it was included, although those words were not in use. He argues that it was subsumed within the limitations of crouching and stooping. However, this argument is completely undercut by the fact that the vocational expert specifically testified that with the additional limitation of bending, occasional bending, the claimant would be precluded from performing one of the only two jobs she was able to identify, namely the mail sorter position. Isn't it irrelevant whether you characterize it as crouching or bending? I mean, that was part of the hypothetical, and the conclusion was that one who had to crouch or bend couldn't be a mail sorter. Well, the, the, when the ALJ posited the hypothetical with only the crouching and bending, the crouching and stooping limitations, the V.E. testified that Mrs. Boggs would be able to perform both the mail sorter and the office clerk positions. When the limitation was added, the bending limitation was added, she changed her testimony and testified that Mrs. Boggs would only be able to perform the office clerk position. So insofar as the vocational expert's testimony is concerned, there was a distinction, and it was a very important distinction, because it eliminated half or the entire mail sorter position, which was one of two that the V.E. was able to come up with. It's also important because with the remaining occupation of only one, the office clerk position, the Ninth Circuit has also said that this does not constitute a significant range of work, which is what the government needs to prove at step 5 of the sequential evaluation, that Mrs. Boggs can still do a significant range of other work despite the limitations. And in Lounsbury, the Ninth Circuit stated that one occupation does not amount to a significant range of work, and if that was the case, then there would be the government would not have sustained its burden at step 5. That's why it's not a harmless error. The ALJ's failure to posit a legally adequate hypothetical including all the limitations that he found credible in this situation was not a harmless error. Scalia. You're not conceding that the ALJ correctly found she was qualified to be an office helper, are you? No, I'm not. That's what I'm going to talk about now. Second, the ALJ failed to the second error that the ALJ committed was its failure to inquire of the V.E. whether or not there was a conflict between her testimony and the Dictionary of Occupational Titles. And the reason why this is not a harmless error in this particular case is because had the ALJ inquired of the vocational expert whether or not her testimony conflicted with the Dictionary of Titles, it would have become apparent that it did. In response to questioning by Mrs. Boggs' attorney, the V.E. specifically testified that the position of office clerk required interaction with people. And in the ALJ's hypothetical, one of the main limitations was Mrs. Boggs' limitation to dealing with things rather than people in a low-stress environment. That also is and the V.E.'s testimony that the position of office helper required her to deal with people would preclude her from being able to, with her limitation, she would not be able to perform this job. However, the V.E. found that she could. The V.E. was correct in stating that it would deal with people, because the Dictionary of Occupational Titles, one of the main characteristics of that particular dot code is that it would require the relationship of that particular job to people is one of speaking, and which naturally implies that they will be dealing with people. So had the ALJ inquired whether there was a, whether there was a conflict with the Dictionary of Occupational Titles, it would have come to light that there indeed there was, that the hypothetical was in total conflict with the Dictionary of Occupational Titles. If we are persuaded by your argument, do we remand for further proceedings or can we order benefits? I think a remand for the payment of benefits is appropriate in this case. The record is fully developed below. All the evidence necessary to find Mrs. Boggs disabled based on current Ninth Circuit law and Social Security regulations is, is there that needs to be, everything is there that needs to be there in order to find her disabled. She, the errors are clear on the face of the record. They are not harmless based on the Ninth Circuit standard. They are not insequential to the ultimate determination of disability. And no further evidence needs to be adduced in order to find her disabled. Anything further? I don't have anything further. Thank you. Thank you. We'll hear from the government. Good morning, Your Honors. I'm Dennis Hanna, representing Michael Astre, the Commissioner of Social Security. In this case, it's the government's contention that the Commissioner has met his burden at Step 5 and identified jobs that Mrs. Boggs could do in significant numbers in the national economy. As far as the waiver issue goes, if you want me to talk about that, it appears that that might be taken care of. But the Commissioner strongly encourages the Court to conclude that the first two issues in the appellant's opening brief are waived. They were not raised in the district court. As far as the third contention, which is probably before the Court, dealing with vocational evidence, any error by the administrative law judge is harmless error. Did the vocational expert specifically state that a person limited to occasional bending and stooping would be unable to work as a mail-sorter? Yes, she did. Okay. And did the ALJ agree with that? No. In the decision, the ALJ said that Mrs. Boggs could do both jobs. Pretty much ignored that, right? Correct. And that's harmless? Well, the problem with the vocational expert's testimony in that area is that bending is not even included in, if you look at Social Security forms that are filled out defining somebody's residual functional capacity, there's nothing for bending. And as mentioned in the opening, in the government's opening brief here, in the definition of crouching and stooping, bending is used there. Bending is not a limitation in itself. It's used to define crouching and stooping. And because I believe it was Dr. Jordan who included that in her report, that Mrs. Boggs would be limited in bending. All because of that. That's what the ALJ in the findings mentioned, which you just did? No. The answer is no. No, he did not. And in the ALJ's residual functional capacity finding, he dealt with stooping and crouching. He didn't mention bending. And bending came up. And we should treat that as harmless. That's your client's position. Yes, because it really is not part of the residual functional capacity. It only has to do with whether she can perform a job. Well, it's not the technical term that should have been used in the – it was not in the hypothetical question that the ALJ gave to vocational expert. It was only in the subsequent questioning by plaintiff's counsel. Well, doesn't the vocational expert set the parameters of what possible jobs can be performed? Right. A vocational expert. And then the ALJ has to react to that in light of the record. Right. There's, in this case and in most cases, the vocational expert will give many examples, and the ALJ will choose from them in his or her decision. Well, why didn't – on the basis of this record, it certainly appears that the vocational expert eliminated all medium-duty, light-duty and sedentary jobs. She made a comment. Well, she definitely eliminated the medium jobs. But then she did say that these two jobs could be performed. Specifically? Yes, she did. And then later, in response to the questioning by the claimant's attorney, she eliminated the mail-sorter job. But she definitely testified that the claimant could perform the office-helper job. And she even gave a further explanation about what was involved in that job, which the ALJ quoted in his – or paraphrased in his decision. Something about, you know, it's basically somebody who goes around and helps people in the office. And there was quite a bit of testimony. I think it was at 349 in the transcript where the ALJ was testifying – or the vocational expert was testifying about what would be involved with the office-helper job. I have a note that suggests that the V.E. specifically stated that a person limited to only occasional bending and stooping would be unable to work as a mail-sorter. And you're suggesting that he specifically said that he could? Oh, I'm sorry. I'm misunderstanding. I misunderstood you there. The V.E. said she could specifically work as an office-helper, not the mail-sorter. Oh. That's what I'm talking about. I'm sorry. All right. Well, if that's the case, hasn't the ALJ arguably gone too far, given the context that the V.E. established? Even forgetting about the mail-sorter job, there's still the office-helper job. And as the V.E. testified and the ALJ mentioned, there were quite a number, 16,000 jobs in California. And that certainly meets this Court's standard in Barker, which I believe was 1,200 jobs. And as far as any variation from the V.E.'s testimony and the Dictionary of Occupational Titles, the recent Ninth Circuit case of Massachi deals with this. And there was a long string of Ninth Circuit cases before Massachi dealing with whether or not the ALJ could rely on vocational expert testimony that varied from the Dictionary of Occupational Titles. And then the Social Security Administration came out with Social Security Ruling 004P, which Massachi dealt with and found error there and remanded. Here, but in Massachi, they left the door open for harmless error in footnote 19. And this is the type of case where it would be harmless error for the ALJ to have not Okay. Anything further? I would also just say, as far as your question about remanding for payment of benefits as opposed to remanding for further proceedings, that this would not be a case that should be remanded for payment of benefits. There are definitely issues that need to be developed on remand if the Court does not affirm the district court's judgment. That would be the third remand, wouldn't it? No. It was remanded by the Appeals Council. It didn't – it was not in district court before. You remanded it. I just said that would be the third bite at the apple, right? The third ALJ hearing? That's true. Yes. It takes three times to get it right? Sometimes it does. Okay. Thank you, Counsel. Thank you. Ms. Brewer, you had some unconsumed time. You didn't reserve rebuttal, but if you'd like to spend the next 1 minute and 19 seconds, you may do so. I would like to respond to the Commissioner's contention that the error was harmless with respect to the ALJ's failure to specifically inquire as to whether or not her testimony conflicted with the Dictionary of Actuational Titles. It's clear on the face of the testimony that her finding that Mrs. Boggs could perform the office clerk job, even though Mrs. Boggs was precluded from dealing with people rather than things – I mean, was precluded from dealing with people and had to work in a low-stress environment, specifically conflicted with the Dictionary of Occupational Titles, and this finding was hardly harmless in that it was the sole job left for Mrs. Boggs. I mean, it was the only job that the vocational expert could identify, given the ALJ's hypothetical, that Mrs. Boggs would be able to perform. And if a review of the Dictionary of Occupational Titles revealed that she, in fact, could not even perform this job with the limitations assessed by the ALJ, then a finding – then there would have been no job she could perform, and the Commissioner would have not met his burden at Step 5 of the sequential evaluation. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Hawkins, Selna